JS - 6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 14-0594 AG (JPRx) | Date | August 4, 2014 |
|---|---|---|---|
| Title | CHRISTINA PASCHAL et al. v. MAZDA MOTOR OF AMERICA, INC. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:              Attorneys Present for Defendants:

**Proceedings:**   **[IN CHAMBERS] ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Christina Paschal, the former owner of a 2004 Mazda RX8 vehicle, is suing Defendant Mazda Motor of America, Inc. for allegedly failing to comply with an extended warranty. Plaintiff's First Amended Class Action Complaint alleges three claims on behalf of a putative class: (1) Violations of California's Unfair Business Practices Act ("UCL"); (2) Breach of Express Warranty; and (3) Violations of the Magnuson Moss Warranty Act ("MMWA"). (First Amended Class Action Complaint ("FAC"), Dkt. No. 16.)

Defendant has filed a "Motion for Summary Judgment or, in the alternative, Partial Summary Judgment or Judgment on the Pleadings" ("Motion"). (Motion, Dkt. No. 19.) Plaintiff opposes the Motion. (Opp'n, Dkt. No. 23.) There is insufficient evidence that Defendant breached the warranty or that Plaintiff was injured by any breach, and the Court GRANTS the Motion.

## BACKGROUND

Plaintiff bought a used 2004 Mazda RX8 vehicle. (Second Amended Class Action

JS - 6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0594 AG (JPRx) | Date | August 4, 2014 |
|---|---|---|---|
| Title | CHRISTINA PASCHAL et al. v. MAZDA MOTOR OF AMERICA, INC. | | |

Complaint ("SAC") ¶ 15.) Originally, 2004–2008 Mazda RX8 vehicles (the "Class Vehicles") came with a four-year/50,000 mile warranty. (*Id.* ¶¶ 1, 7.) The engines in the Class Vehicles are susceptible to engine flooding, which can prevent the vehicles from starting and may require mechanical repairs. (*Id.* ¶¶ 3–5.) Because of this problem, Defendant extended the warranty on the rotary engine core. (*Id.* ¶ 6.)

The 2008 Rotary Engine Core Limited Warranty Extension ("Warranty Extension") guarantees for the first 8 years and 100,000 miles that "the Rotary Engine Core Components of your Mazda Vehicle is [sic] free from defects in Mazda-supplied material or workmanship which result in improper function." (Warranty Extension, Dkt. No. 16-1 Ex. 2, at 2.) The Warranty Extension provides that a "Mazda Dealer will make necessary repairs . . . to correct any problem covered by this warranty without charge to you." (*Id.*)

Defendant issued a technical service bulletin in 2008 ("2008 TSB") describing repair procedures for Class Vehicles that have difficulty starting. (2008 TSB, Dkt. No. 21-6, at 1.) The 2008 TSB states that difficulty starting "may be caused either by fuel flooded spark plugs or lower than normal compression due to apex seals locked onto rotor groove from carbon accumulation." (*Id.*) The TSB instructs technicians to first attempt to start the engine, and if the engine starts, to return the vehicle to the customer. (*Id.*) If the engine does not start, the TSB instructs technicians to take additional steps, including replacing spark plugs. (*Id.* at 1–3.) Technical service bulletins are distributed to technicians and are generally not provided to customers. (*See* 2008 TSB at 1 ("The information and instructions in this bulletin are intended for use by skilled technicians.); Woolley Dep., Dkt. No. 20-2, at 139 (stating that technical service bulletins are not provided to customers unless the customer asks for one).)

Plaintiff experienced difficulty starting her vehicle on two occasions. The first time, in July 2009, an independent Mazda dealership deflooded the vehicle and replaced the spark plugs, and the repair was covered by the Warranty Extension. ( Plaintiff's Response to Defendant's State of Uncontroverted Facts ("SUF"), Dkt. No. 23-1, ¶¶ 23–24.) Plaintiff does not allege any failure to honor the Extended Warranty from this incident.

JS - 6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0594 AG (JPRx) | Date | August 4, 2014 |
|---|---|---|---|
| Title | CHRISTINA PASCHAL et al. v. MAZDA MOTOR OF AMERICA, INC. | | |

The second time Plaintiff had trouble starting her vehicle, in June 2010, a Mazda dealership again repaired her vehicle under the Extended Warranty. (*Id.* ¶¶ 25–27, 32.) This time, the dealership did not replace the spark plugs. (*Id.* ¶ 29.) But Plaintiff alleges no further problems with her vehicle between the 2010 repair and 2013, when her vehicle was repossessed. (*Id.* ¶ 35.)

Plaintiff alleges that Defendant "is obligated to replace spark plugs" but failed to do so during the second repair. (FAC ¶¶ 13, 19.) Plaintiff also alleges that, the second time she brought her vehicle in for repair, she was required "to pay for the cost of replacing the battery, even though this item should have been covered by the extended warranty." (*Id.* ¶ 19.)

In the FAC, Plaintiff alleges claims for (1) Violations of UCL; (2) Breach of Express Warranty; and (3) Violations MMWA. In the Motion, Defendant seeks summary judgment or, in the alternative, judgment on the pleadings on all claims.

## PRELIMINARY MATTERS

## 1.     REQUEST TO POSTPONE SUMMARY JUDGMENT

Defendant seeks summary judgment, but alternatively seeks judgment on the pleadings if the "Court determines for any reason that [Defendant's] motion for summary judgment is premature." (Motion at 12.) In arguing the Motion, the parties cite evidence produced in a related case that this Court dismissed on summary judgment, *Meghan Decker v. Mazda Motor of America, Inc.*, SACV 11-873 AG (RNBx). Plaintiff requests a continuance of the Motion under Rule 56(d) "if the court is reluctant for any reason to consider evidence generated in connection with the Decker case." (Opp'n at 17.)

The Court is not reluctant to consider the evidence from *Decker* cited by the parties. Plaintiff identified no other reason for a continuance in an affidavit or declaration, *see* Rule 56(d), and Plaintiff's Rule 56(d) request is moot.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0594 AG (JPRx) | Date | August 4, 2014 |
|---|---|---|---|
| Title | CHRISTINA PASCHAL et al. v. MAZDA MOTOR OF AMERICA, INC. | | |

## 2.    REQUEST FOR JUDICIAL NOTICE

Defendant requests that the Court take judicial notice of various documents in the public record. Plaintiff does not object to this request, and the Court will consider these documents.

## LEGAL STANDARD

Summary judgment is appropriate only where the record, read in the light most favorable to the nonmoving party, indicates that "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Material facts are those necessary to the proof or defense of a claim, as determined by reference to substantive law. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986). A factual issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In deciding a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

The burden initially is on the moving party to demonstrate an absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If, and only if, the moving party meets its burden, the nonmoving party must produce enough evidence to rebut the moving party's claim and create a genuine issue of material fact. *Id.* at 322–23. If the nonmoving party meets this burden, then the motion will be denied. *Nissan Fire & Marine Ins. Co. v. Fritz Co.*, 210 F.3d 1099, 1103 (9th Cir. 2000).

## ANALYSIS

Plaintiff's claims primarily rest on the argument that the Warranty Extension required replacement of her spark plugs during the second repair. The Court first construes the Warranty Extension to determine whether Plaintiff's interpretation is correct, and then assesses whether Plaintiff's claims survive summary judgment based on Defendant's

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0594 AG (JPRx) | Date | August 4, 2014 |
|---|---|---|---|
| Title | CHRISTINA PASCHAL et al. v. MAZDA MOTOR OF AMERICA, INC. | | |

failure to replace her spark plugs. Later, the Court assesses whether the claims fare any better based on Plaintiff's argument that Defendant should have paid for her battery replacement.

## 1.    INTERPRETATION OF THE WARRANTY EXTENSION

The parties disagree as to the meaning of the Warranty Extension. The Warranty Extension guarantees "necessary repairs . . . to correct any problem covered by this warranty." Defendant contends that it is only required to replace spark plugs when doing so is "necessary" to correct problems caused by fuel flooding in a particular case. Plaintiff essentially argues that Defendant is *always* required to replace spark plugs if the vehicle won't restart, even if the technician determines that the vehicle can be repaired without replacement of the spark plugs.

California courts interpret written warranties under general contract principles. *S. California Stroke Rehab. Associates, Inc., v. Nautilus, Inc.*, 782 F. Supp. 2d 1096, 1110 (S.D. Cal. 2011). The first step in interpreting a contract is determining whether the contract is ambiguous. In determining whether the contract is ambiguous, "courts may *preliminarily* consider any extrinsic evidence offered by the parties. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 989–90 (9th Cir. 2006) (emphasis added).

"If the court decides, after consideration of this evidence, that the language of a contract, in the light of all the circumstances, is 'fairly susceptible of either one of the two interpretations contended for,' extrinsic evidence relevant to prove either of such meanings is admissible." *Id.* at 990. If, by contrast, this preliminary analysis reveals that the contract is unambiguous, the case may be decided on summary judgment because interpretation of an unambiguous contract is "solely a question of law." *See Brobeck, Phleger & Harrison v. Telex Corp.*, 602 F.2d 866, 871–72 (9th Cir. 1979). "Ambiguity cannot be based on a strained instead of reasonable interpretation" of a contract's terms. *McKee v. State Farm Fire & Cas. Co.*, 193 Cal. Rptr. 745, 746 (Cal. Ct. App. 1983).

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0594 AG (JPRx) | Date | August 4, 2014 |
|---|---|---|---|
| Title | CHRISTINA PASCHAL et al. v. MAZDA MOTOR OF AMERICA, INC. | | |

Turning first to the language of the Warranty Extension, its plain language unambiguously supports Defendant's interpretation. The Warranty Extension states that it guarantees "necessary repairs." Plaintiff points to no language in the Warranty Extension supporting the notion that Defendant is required to replace any particular part unless doing so is necessary to correct a covered problem.

The Court next preliminarily considers extrinsic evidence to determine whether it introduces ambiguity into the Warranty Extension's terms. Plaintiff chiefly relies on the 2008 TSB, which provides a series of instructions (including, in some cases, replacement of spark plugs) for technicians repairing a stalled Mazda RX8. Plaintiff argues that the TSB demonstrates that replacement of spark plugs is always necessary, but this argument is not persuasive. First, language in the 2008 TSB suggests that replacement of spark plugs is not always necessary, as it states that difficulty starting "may be caused *either* by fuel flooded spark plugs *or* lower than normal compression due to apex seals locked onto rotor groove from carbon accumulation." (2008 TSB at 1 (emphasis added).) Second, Plaintiff points to no evidence suggesting that, in issuing the 2008 TSB, Defendant intended to expand the Warranty Extension coverage to replacements that aren't needed in a particular case. Even if consumers can request copies of technical service bulletins, *see* Cal. Civ. Code § 1795.91(a)–(b), the "information and instructions in [the TSB] are intended for use by skilled technicians." (2008 TSB at 1.) The Warranty Extension does not purport to incorporate these instructions into its terms of coverage, and the 2008 TSB does not purport to amend the coverage described in the Warranty Extension.

Similarly, other extrinsic evidence Plaintiff points to demonstrates only that replacing spark plugs is an advisable practice, not that it is always necessary. Paul Woolley, Defendant's warranty manager, testified that Defendant "expects dealers to exercise independent professional judgment with respect to what repairs are needed," and that replacing spark plugs may not be necessary when the existing spark plug is "properly functioning" or "essentially brand-new." (Woolley Dep. at 102–03, 240–41.) The testimony of Bill Posey, the service director of a Mazda dealership, only establishes that replacing spark plugs is advisable, not always necessary. Posey testified that he believes

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0594 AG (JPRx) | Date | August 4, 2014 |
|---|---|---|---|
| Title | CHRISTINA PASCHAL et al. v. MAZDA MOTOR OF AMERICA, INC. | | |

technicians should replace spark plugs because reusing old ones "will not perform properly in *most* cases." (Posey Dep., Dkt. No 24, at 44 (emphasis added).) Even assuming this testimony is relevant to the meaning of the Warranty Extension, it does not support Plaintiff's interpretation.

In sum, the extrinsic evidence does not support a reasonable alternative to Defendant's interpretation. The term "necessary" means "necessary," and the Warranty Extension does not require any repair that is not necessary in a particular case.

## 2. CLAIMS CONCERNING THE SPARK PLUGS

The Court addresses Plaintiff's breach of express warranty, MMWA, and UCL claims based on the failure to replace her spark plugs during the second repair.

### 2.1 Breach of Express Warranty

"To prevail on a breach of express warranty claim, a plaintiff must prove that the seller: (1) made an affirmation of fact or promise or provided a description of its goods; (2) the promise or description formed part of the basis of the bargain; (3) the express warranty was breached; and (4) the breach caused injury to the plaintiff." *Keegan v. Am. Honda Motor Co., Inc.*, 838 F. Supp. 2d 929, 949 (C.D. Cal. 2012) (internal quotation marks omitted). This claims fails because there is insufficient evidence of breach or injury.

Plaintiff argues that Defendant breached the Warranty Extension by failing to replace the spark plugs. But as the Court has discussed, Defendant only breaches the Warranty Extension if it fails to make a necessary repair. There is not sufficient evidence for a jury to find that replacing the spark plug was necessary to correct the defect in Plaintiff's vehicle. To the contrary, the relevant evidence points to the opposite conclusion. The technician at the independent dealership that worked on Plaintiff's vehicle determined that new spark plugs were not necessary, and there is no evidence that Plaintiff had any problems with her vehicle because of defective spark plugs after the second repair. In

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0594 AG (JPRx) | Date | August 4, 2014 |
|---|---|---|---|
| Title | CHRISTINA PASCHAL et al. v. MAZDA MOTOR OF AMERICA, INC. | | |

short, there is insufficient evidence to show that Defendant breached its obligation to perform "necessary repairs."

Even if there had been a breach, Plaintiff fails to demonstrate any injury from the breach. Plaintiff does not point to any evidence that she incurred additional maintenance costs because of the failure to replace the spark plugs a second time, nor any evidence that the vehicle was less valuable due to the failure to replace the spark plugs.

There is insufficient evidence to support a breach of express warranty claim for failure to replace spark plugs.

### 2.2    Magnuson-Moss Warranty Act

Claims under the MMWA are dependent upon state-law warranty claims. *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Products Liab. Litig.*, 754 F. Supp. 2d 1145, 1188 (C.D. Cal. 2010). Because Plaintiff's state warranty claim fails, so does her MMWA claim.

### 2.3    UCL

California's UCL outlaws "unlawful, unfair or fraudulent business act[s] or practice[s.]" Cal. Bus. & Prof. Code § 17200. The statute "embraces anything that can properly be called a business practice and that at the same time is forbidden by law." *Cel-Tech Comm. Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). A practice may also "be deemed unfair even if not specifically proscribed by some other law." *Id.*

Plaintiff first argues that Defendant violated the MMWA by failing to replace the spark plugs, and thus committed an "unlawful" act under the UCL. But as the Court has determined, Defendant did not violate the MMWA by failing to replace spark plugs.

Plaintiff also argues that Defendant's conduct was "unfair" under the UCL because it

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0594 AG (JPRx) | Date | August 4, 2014 |
|---|---|---|---|
| Title | CHRISTINA PASCHAL et al. v. MAZDA MOTOR OF AMERICA, INC. | | |

denied benefits owed under the Warranty Extension. Again, this argument fails because the evidence doesn't show that a spark plug replacement was owed under the Warranty Extension.

Insufficient evidence of injury is an additional reason to grant summary judgment on this claim. Standing under the UCL requires that the plaintiff suffered an "economic injury" by losing "money or property." *Kwikset Corp. v. Superior Court*, 246 P.3d 877, 885–87 (Cal. 2011). There is no evidence that the failure to replace spark plugs during the second repair caused Plaintiff to incur additional costs between the second repair and the time her vehicle was repossessed. Nor is there any evidence that the vehicle lost value because the spark plugs were not replaced a second time. In short, Plaintiff doesn't convincingly explain Defendant's failure to replace her functioning spark plugs with functioning spark plugs caused any economic injury.

For both lack of injury and lack of an unlawful or unfair act, Plaintiff's UCL claim fails.

**3.     CLAIMS CONCERNING THE BATTERY**

Records from the second repair show that Plaintiff's battery was replaced because it failed a "load test," and that Plaintiff paid for the new battery. (Repair Records, Dkt. No. 16-1 Ex. 5.) Plaintiff argues that Defendant's failure to pay for a new battery during the second repair is another basis for her claims. Defendant argues that this theory was an afterthought, one neither sufficiently articulated in the FAC nor sufficiently supported by the evidence.

While the FAC contains numerous references to spark plugs, it only mentions the battery once: "[Defendant] required [Plaintiff] to pay for the cost of replacing the battery, even though this item should have been covered by the extended warranty." (FAC ¶ 19.) The FAC does not allege why the battery was replaced, why it should have been covered by the warranty, or otherwise provide any further detail about the battery. The theory is only developed in Plaintiff's Opposition, where she relies on an attached declaration

JS - 6

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 14-0594 AG (JPRx) | Date | August 4, 2014 |
|---|---|---|---|
| Title | CHRISTINA PASCHAL et al. v. MAZDA MOTOR OF AMERICA, INC. | | |

containing the opinions of an automotive technician. (*See* Forbes Decl., Dkt. No. 23-5.) There are cases holding that a plaintiff cannot evade summary judgment by introducing evidence outside the scope of the allegations of the complaint in opposition to summary judgment. *See Lee v. NNAMHS*, 2009 WL 3052443 (D. Nev. 2009) ("It is not appropriate for Plaintiff to assert new allegations outside the scope of the complaint in an opposition to a motion for summary judgment."); *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000) ("A complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations.").

Setting aside whether this evidence is outside of the scope of the allegations in the FAC, Defendant convincingly argues that the opinion testimony of Forbes does not pass muster under Federal Rule of Evidence 702. Rule 702 provides that an expert may present opinion testimony if: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. In performing its role as a gatekeeper under Rule 702, the Court must determine that the testimony is "both relevant and reliable." *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014).

Forbes states that he relies on the records from the second repair (which state that the battery was replaced after failing a load test) and a Mazda technical service bulletin (which states that holding the ignition switch in the start position for over ten second "may result in a weakened or dead battery"). (*Id.* ¶¶ 5–7, 11.) Forbes explains that when "someone is trying to start a flooded engine, the battery will discharge an enormous amount of energy trying to start the engine," which cannot then be recharged by the alternator because the engine will not start. (*Id.* ¶ 10.) Forbes then comes to the conclusion that "the reason the VEHICLE's battery required replacement was that the battery was damaged due to the VEHICLE's engine being flooded." (Forbes Decl. ¶ 12.)

JS - 6

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 14-0594 AG (JPRx) | Date | August 4, 2014 |
|----------|------------------------|------|----------------|
| Title | CHRISTINA PASCHAL et al. v. MAZDA MOTOR OF AMERICA, INC. | | |

This declaration does not meet the reliability requirement of Rule 702. Forbes explains why engine flooding might contribute to a depleted battery. But he does not explain why, when that occurs, the battery cannot be recharged once the engine is deflooded. Nor does he explain the significance of a "load test," which the technician actually examining the vehicle used to diagnose the battery. Forbes also failed to review the maintenance history of the vehicle, and he failed to consider alternative explanations for the state of the battery, such as its age. *See Diviero v. Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997) (upholding a finding that expert testimony was unreliable and inadmissible when the expert was unable "to dismiss various other possible causes" or to "satisfactorily [] explain the reasoning behind his opinions"). The Court finds that the Forbes declaration is unreliable and inadmissible.

Without evidence demonstrating that the battery replacement should have been covered by the Extended Warranty, the failure to reimburse Plaintiff for the cost of the battery does not sufficiently support her claims.

### DISPOSITION

Defendant's Motion is GRANTED. The Court reaches this result after reviewing all arguments in the parties' papers. Any arguments not specifically addressed were either unpersuasive or not necessary to reach given the Court's holdings.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |